UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**COMMONWEALTH ADVISORS, INC. and WALTER A. MORALES,**<br>**Defendants.** | Civil Action No. 12-cv-00700-SDD-SCR |

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

As set forth in its Motion to Compel ("Motion"), Plaintiff United States Securities and Exchange Commission ("the Commission") deems it necessary to seek the Court's intervention to compel proper responses to a number of outstanding discovery requests given the failure of Defendants Commonwealth Advisors, Inc. ("Commonwealth"), Walter A. Morales ("Morales") (collectively "Defendants") to satisfy the commitments they made during meet-and confer sessions as well as discovery status conferences to comply with the ordinary obligations of civil discovery practice. Defendants' Response to the Motion ("Opp.") [Dkt. No. 40] further emphasizes the necessity of relief.[1] The Motion should be granted.

### ARGUMENT

**I.  Commonwealth's Amended Responses Are Inadequate**

Commonwealth asserts that between April 23, 2014 and July 2, 2014, it produced to the Commission over 11 million pages of documents, justifying repeated delays in production by

---

[1] It is unclear from Defendants' response whether Defendants even claim to have fully responded to the Commission's discovery. *Compare* Opp. at 1 ("Defendants have now produced the documents and have identified the productions as best as practicable:), *with* Opp. at 2 ("[c]onversion and production of additional documents is still ongoing").

asserting that "[f]inding the documents and then converting them to Concordance does not happen overnight."  Opp at 2.  Commonwealth fails to explain how it finds millions of pages of new responsive documents in its possession near the close of fact discovery (1) months after representing in its original responses that "[t]he SEC has possession of all of the documents in the possession of Commonwealth that relate to this action that are not subject to privileges,"[2] and (2) subsequent to the Commission raising specific concerns regarding numerous documents missing from Commonwealth's original production.

Moreover, Commonwealth's original responses to the Commission's First Request for Production of Documents failed to identify particular documents responsive to particular Requests.[3]  "Rule 34 plainly states that unless stipulated or ordered by the court, a party must produce documents as they are kept in the usual course of business or organize and label them to correspond to the categories in the request for production."  Keybank Nat'l Ass'n. v. Perkins Rowe Associates, LLC, No. 09-cv-497, 2011 WL 765925, at *3 (M.D. La. Feb. 25, 2011).  Commonwealth did neither.  And Commonwealth does not dispute the inadequacy of its original responses.  Since at least early spring, Commonwealth has acknowledged the defects in its Responses and provided repeated assurances that those deficiencies would be cured.  [Dkt. No. 35-2, ¶¶14-15].  Commonwealth has attempted to justify the several-month delay in its promised supplementation by claiming that it could not direct the Commission to specific documents because it is waiting for certain materials to be "Bates" labeled.

But now the "Bates" labeling process is presumably complete.  Now armed with Bates numbers, Defendants have attached to their Response "revised" responses to the Commission's Requests.  And yet a review of Commonwealth's revised Response to Request for Production

---

[2]   Docket No. 35-5, p. 4, ¶ 7.
[3]   See Generally, Docket Nos. 35-5, 35-6.

reveals that Defendants' revisions in that document are, in large part, nonexistent. Comparison of Commonwealth's "revised" Response to the Commission's Request for Production to its original response reveals that for almost every Request, the "revised" response contains, with few exceptions, no material changes from the original. [See Dkt. No. 40-2]. Commonwealth identified specific responsive documents in response to Request number 1, but its responses to each of Requests 2 through 7 are substantially unchanged from its original responses. Id. at 6-10. As for Request 8, which called for "[a]ll trial balances, general ledgers, and profit and loss statements for Commonwealth, Sand Spring Management, and all Commonwealth advised funds," Commonwealth identifies no specific documents other than a 2-page Bates range reflecting a Commonwealth general ledger for a single year, despite the response's specific acknowledgement that there are several years relevant to the litigation. Id. at 11-12.

None of Responses 9 through 12 includes Bates ranges of documents. Id. at 12-15. The only Bates ranges of documents that Commonwealth identifies in Request 13 are the ranges associated with the files of Commonwealth's Chief Compliance Officer, despite the fact that the Request seeks documents and records associated with communications between Commonwealth and its investors. Id. at 16-17. Commonwealth does not represent that the files of the Chief Compliance Officer contain all – or even any – responsive materials, but asserts that these files "may contain responsive materials," while disavowing any obligation to further "review the multitude of files previously produced to the SEC." Id.

Commonwealth substantively responded to Requests 14, 16, and 18, but with respect to Requests 15, 17, 19 through 25, and 27 through 36, Commonwealth does not identify the Bates number of a *single* document, instead relying on the same vague, generalized descriptions of evidence within its voluminous production found in its original responses. Id. at 17-31. With

respect to requests 26 and 37, Commonwealth recites the same boilerplate regarding the files of its Chief Compliance Officer which, according to Commonwealth, "may contain responsive materials" and does not state where – within the thousands of pages materials referenced – responsive materials are to be found.  Id.

After delaying supplementation for months on the purported ground that materials Commonwealth was required to identify needed to be Bates labeled, Commonwealth has now largely refused to identify those materials in its supplemental response.  And as set forth above, in response to a number of requests, Commonwealth has pointed to the files of its Chief Compliance Officer asserting that such files "may contain responsive materials," but fails to make clear whether all – or any – of the responsive materials are to be found in these files.  This sort of vague response is improper.  *See XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, No. 12-cv-2071, 2014 WL 295053, at *2-3 (E.D. La. Jan. 27, 2014) (requiring party responding to request for production to provide response "that clearly states that it has produced all responsive non-privileged materials and lists by Bates stamp or other identifying mark those materials, and then clearly states that it either is or is not withholding responsive materials on privilege grounds and list any such withheld materials in a supplemental privilege log").

The failure to substantively respond to the particular request is also found in Commonwealth's Responses to the Commission's Interrogatories.  [Dct. No. 40-1].  The Commission challenged the sufficiency of Commonwealth's Responses to 4, 6, 9, 10 and 11. While Commonwealth has supplemented its Response to Interrogatory 4, which calls for a documentation of "all investments and redemptions made by Morales," it fails to state whether its response includes *all* redemptions.  Id. at 11-12.  In particular, the response identifies a number of individuals or entities that fit the description of "Morales," but does not include

4

certain entities that counsel for the Defendants has *admitted* satisfy the definition. Ex. A.[4] The response should fairly answer the Interrogatory.

Commonwealth's Response to Interrogatory 6 also fails to provide a substantive response. The interrogatory calls for management and performance fees paid to Commonwealth by Commonwealth-managed funds – information that should be readily available to Commonwealth. Id. at 15-16. But instead of simply providing this information, Commonwealth's Response claims that the information can be found "at the bates ranges listed on Exhibit D." "Exhibit D" to the Response is a listing of Bates ranges that spans twenty-five pages. Ex. B. This is improper. Fisher v. Baltimore Life Ins. Co., 235 F.R.D. 617, 628 (N.D.W. Va. 2006) ("[A] party cannot escape responsibility of providing direct, complete and honest answers to interrogatories with the cavalier assertion that required information can be found in this massive amount of materials.").

Commonwealth's Responses to Interrogatories 9 and 11 are equally deficient.[5] Interrogatory 9 calls for the identification of investments and redemptions by a particular investor in a Commonwealth-managed fund, as well as due diligence questionnaires, private placement memoranda and similar documents provided to the investor which relate to the investing relationship. Id. at 17-19. Commonwealth refuses to identify the documents relating to the investments, and states that information concerning the investor's redemptions and investments can be found somewhere within "bates range CW-II-05193079 to CW-II-05237245" – over 44,000 pages of documents. Id. And Interrogatory 11 asks to identify certain communications between Commonwealth and a broker-dealer. Id. at 20. Commonwealth gives

---

[4]  References to "Ex.__" are references to Exhibits attached to the Second Declaration of David Williams ("Williams Decl."), filed herewith.
[5]  In light of the Court granting the Commission leave to propound additional Requests for Admission, the Commission no longer maintains its application with respect to Interrogatory 10.

5

the non-responsive answer that it "can find no documents which are responsive to this Inquiry." Id. But the Interrogatory does not ask for the identification of documents – it asks for the identification of communications. If Commonwealth does not believe that such communications took place, it should say so directly.

## II.     Morales' Responses Are Inadequate

Morales failed to timely respond to the Commission's First Set of Interrogatories or to the Commission's First Request for Production. [Dkt. No. 35-2, ¶ 20]. A party waives all objections unless it states the objection within the 30 days provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(b); see, e.g., Bray v. Gillespie Mgt. LLC v. Lexington Ins. Co., No. 07-cv-222, 2008 WL 2609719 (M.D. Fla. June 30, 2008) (finding that party waived all objections except privileges listed on the privilege log when it failed to raise objections in a timely manner); Morock v. Chautauqua Airlines, Inc., No. 07-cv-210, 2007 WL 4247767, at *1 (M.D. Fla. Dec. 3, 2007).

Morales nevertheless belatedly served responses to both requests which improperly interpose objections.[6] [Dkt. Nos. 40-3, 40-4]. The Court should direct Morales to respond to Interrogatories and produce responsive documents organized and labelled to correspond to the categories in the requests without objection. In particular, Morales' response to Request for Production 1, which calls for all records of payment to Morales or family members by Commonwealth, refers the Commission to "Bates range CW-II-05252018-5354245" – over

---

[6]     The interposition of objections, combined with Morales' vague and ambiguous responses, makes it difficult to discern whether responsive materials are being withheld or not. See Cincinnati Ins. Co. v. M.S. ex rel. Serrano, No. 11-cv-2075, 2011 WL 6304086, at *9 (D. Kan. Dec. 16, 2011) (rejecting response to request that "inconsistently . . . object[s] that the request includes privileged documents, yet claiming that none exist. [Responding parties] are instructed to choose one response or the other.").

6

100,000 pages of documents.[7]  [Dkt. No. 40-4, pp. 5-6].  The Responses to Requests 2, 5, and 6 identify no bates ranges for any documents.[8]  [Dkt. No. 40-4, pp. 6-9].  The Response to Request No. 4, which calls for the identification of bank accounts, identifies a joint bank account at Chase Bank which Morales represents was closed, but the response does not represent that Morales has identified *all* accounts.  [Dkt. No. 40-4, pp. 7-8].  Tax returns produced by Morales reflect 1099 interest income paid to Morales by Sallie Mae Bank, Federal Credit Union, and CapitalOne, NA,[9] yet none of these entities is identified.[10]

### III.   Commonwealth And Morales Should Be Ordered To Provide Documents Relevant To The Advice Of Counsel Defense

By expressing their intention to rely upon a purported "advice of counsel" defense, [Ex. 40-3, pp. 9-11], Defendants have chosen to place their communications and legal advice from counsel at issue.  Where "a party asserts reliance on advice of counsel as an essential element of his defense, that party waives the attorney-client privilege with respect to all communications, whether written or oral, to or from counsel concerning the transactions for which counsel's advice was sought."  Hasty v. Lockheed Martin Corp., No. 98-cv-1950, 1999 WL 600322, at *1 (E.D. La. Aug. 6, 1999) (citing Ward v. Succession of Freeman, 854 F.2d 780, 787-88 (5th Cir. 1988)).  "[T]he scope [of waiver] must of necessity be somewhat broad and is, in fact, a 'subject matter' waiver—i.e., a waiver of all communications on the same subject matter."  Micron Separations, Inc. v. Pall Corp., 159 F.R.D. 361, 363 (D.Mass.1995).  Any waiver includes,

---

[7]   Morales's Response to Interrogatory 7, which requires Morales to describe all payments or loans to him from Commonwealth, is similarly deficient as Morales provides no substantive response and points to the same collection of over 100,000 documents.

[8]   Similarly, Morales' Response to Interrogatory 5 refers generally to "boxes" of documents, but identifies no Bates ranges for these documents. [Dkt. No. 40-3, pp. 6-7].

[9]   Williams Decl., ¶ 8.

[10]  Morales' Response to Interrogatory 8, which calls for him to identify all bank or brokerage accounts under his custody or control, is similarly deficient in that it only makes reference to the Chase Bank account without any statement that the response is comprehensive.  [Dkt. No. 40-3, p. 9].

among other things, "[r]esponses to any government inquiry about [the relevant] transactions." SEC v. Wyly, No. 10-cv-5760, 2011 WL 3366491, at *4 (S.D.N.Y. July 27, 2011).

The Defendants assert that they "have produced certain privileged documents in light of their assertion of a reliance on counsel defense, and a new privilege log covering privileged documents withheld from the current production. . . ." Opp. at 1-2. While Defendants make no effort to explain or justify the continued withholding of documents in light of their waiver of privilege because of an advice of counsel defense, they presumably continue to withhold materials on the basis that the materials are beyond the scope of their waiver. But even a cursory review of the log reveals a substantial volume of materials withheld that are squarely within the waiver.

Defendants represented in response to interrogatory requests that their "advice of counsel" defense – and thus the waiver of privilege – includes "the review conducted by K&L Gates that was billed as an 'internal review.'"[11] A comparison of the billing records from K&L Gates associated with an "Internal Investigation"[12] to Defendants' log of withheld materials[13] suggests that documents identified on the privilege log are squarely within the scope of the waiver:

| Billing Entry | Purportedly "Privileged" Document |
|---|---|
| 7/22/08 by C. Meer "Conversation with D. Linn regarding SEC examination" | 7/21/08 e-mail from Linn to Maletta and Meer re: SEC |
| 7/23/08 by D. Linn "Telephone conference with W. Morales; telephone conference with C. Meer" | 7/22/08 e-mail from Linn to Morales re: Call |
| 7/24/08 J. Maletta "Review latest SEC | 7/23/08 e-mail from Linn to Maletta re: SEC |

---

[11] See Dkt. No. 40-3, p. 11.
[12] Ex. C.
[13] Ex. D.

8

| | |
|---|---|
| request and e-mail exchanges" | |
| 7/28/08 J. Maletta "Telephone conference with C. Meer" | 7/28/08 e-mail from Morales to Linn re: conference call<br><br>7/28/08 e-mail from Linn to Morales re:Call |
| 7/29/08 D. Linn "Telephone conference with W. Morales; telephone conference with J. Maletta, conference with C. Meer" | 7/30/2008 e-mail from Morales to Linn and Despot re: call |
| 7/30/08 D. Linn "Telephone conference with W. Morales; telephone conference with J. Maletta, and P. Kardis" | 7/30/08 e-mail from Linn to Morales, Despot re: Update. |
| 8/04/08 D. Linn "Conference with J. Maletta, W. Morales and C. Meer; revise Crestline document; conference with J. Jackson, review fund documents." | 8/4/08 e-mail from Linn to Jackson re: Commonwealth funds<br><br>8/4/08 e-mail from Linn to Proctor re: meeting |

For a significant volume of materials similar to those above, Defendants have withheld materials squarely within the scope of their waiver. And for other materials, the Commission cannot ascertain whether other materials have been properly withheld. A privilege log "should not only identify the date, the author, and all recipients of each document listed therein, but should also describe the document's subject matter, the purpose for its production, and a specific explanation of why the document is privileged or immune from discovery." Cashman Equipment Corp. v, Rozel Operating Co., No. 08-cv-363, 2009 WL 2487984, at *2 (M.D. La. Aug. 11, 2009). Because Defendants' log fails to identify the subject matter of any of the items logged, it is nearly impossible to discern whether it falls within the scope of the waiver. Many documents are described as simply "email attachment" or "Commonwealth file" or "meeting" or

9

"lists" or "handwritten notes";[14] for these materials, the Commission simply cannot test Defendants' claims of privilege.[15]

And even beyond the issue of waiver, there is substantial reason to believe that Commonwealth has withheld documents and materials beyond the appropriate scope of any claim of privilege. Documents recently produced by Commonwealth – which were previously withheld throughout the Commission's investigation and the first two years of this litigation – include correspondence between Commonwealth attorneys and outside third parties, fund investors and fund administrators.[16] These materials are beyond the scope of any privilege. Eg., SEC v. Brady, 238 F.R.D. 429, 439 (N.D. Tex. 2006) (disclosure of attorney-client communications to third party lacking common legal interest destroys any claim of privilege). Yet until quite recently, Commonwealth has withheld these responsive materials from production.

And there is evidence that the legal work undertaken with K&L Gates overlapped with the work of another law firm, Morgan Lewis, Commonwealth's "Fl[orida] counsel." Ex. F. The Defendants assert that responsive materials from this law firm exist, but are beyond the scope of their waiver.[17] But the evidence is that these materials are squarely within the subject matters put at issue by Defendants' advice of counsel defense.[18] There is further evidence that Defendants were also advised on the same subject matter by their current counsel, Mr. Fred

---

[14]   Ex. D.
[15]   While in the ordinary case the mere fact of a client communication with counsel raises the possibility of a privileged communication, "the mere existence of an attorney-client relationship or the mere exchange of information with an attorney does not give rise to a presumptive claim of privilege." Varo, Inc. v. Litton Sys., Inc., 129 F.R.D. 139, 142 (N.D.Tex.1989). Moreover, this is not the ordinary case – by asserting reliance on advice of counsel, Defendants have voluntarily placed attorney advice across a number of broad subjects directly at issue, and then proceeded withhold a substantial volume of attorney communications while providing the Commission no reliable means to ascertain which of these communications fall within the scope of the now relevant subject matters.
[16]   Williams Decl., ¶14.
[17]   Williams Decl., ¶8.
[18]   Id. at .¶¶ 8-13.

Tulley at Taylor, Porter. Ex. G. "As a result [of assertion of advice of counsel], a party must produce not only other communications and opinions of the same attorney, but also privileged information from other counsel involving the same subject." Beneficial Franchise Co. v. Bank One, 205 F.R.D. 212 (N.D.Ill.2001). In light of Defendants' failure to sustain any claim of privilege as to any advice provided from these firms, the Court should order relevant materials produced immediately.

Defendants bear the burden of sustaining their claims of privilege. Hodges, Grant & Kaufmann v. U. S., 768 F.2d 719, 721 (5th Cir.1985) ("The burden of demonstrating the applicability of the privilege rests on the party who invokes it"). And they have made little effort to do so. The Court should deem the privilege waived, and order all responsive materials produced. Such a result is particularly appropriate here, given that Defendants have voluntarily injected the issue of attorney-client communications into the litigation; they did so extremely late in the case, in May 2014, after being first asked whether they were asserting the defense in October 2013, and asserting as late as April 2014 that they did *not* have a present intention to assert the defense; Defendants purport to have relied on legal advice dating back to 2002,[19] and yet provide inadequate information for the Commission to test whether thousands of withheld documents fall within the scope of their waiver. The "unjustified failure to serve indices of privileged documents in a timely and proper manner operates as a waiver of any applicable privilege. . . . " SEC v. Yorkville Advisors, LLC, __ FRD __, __, 2014 WL 2208009, at *15 (S.D.N.Y. May 27, 2014) (collecting authorities).

## CONCLUSION

For the reasons stated, the Court should grant the Commission's motion to compel and order: (1) that Defendant Commonwealth fully and completely answer within seven days the

---

[19] See Dkt. No. 40-3, pp. 9-11.

Commission's Interrogatories Number 4, 6, 9 and 11 and produce the documents called for by the Commission's Requests for Production of Documents, including documents withheld based upon a claim of privilege; (2) that Defendant Morales fully and completely answer and produce documents within seven days without objection in response to the Commission's Interrogatories and Requests for Production of Documents.

Dated:  July 16, 2014                              Respectfully submitted,

 /s/ David Williams_____
David Williams
Gary Zinkgraf
Securities and Exchange Commission
100 F Street, N.E,
Washington, DC 20549-5977
Tel: 202-551-4548
Fax: 202-551-9231
Email: WilliamsDav@sec.gov

J. WALTER GREEN
UNITED STATES ATTORNEY

 /s/ John J. Gaupp_____
John J. Gaupp, LBN 14976
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Tel: (225) 389-0443
Fax: (225) 389-0685
Email: john.gaupp@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the Plaintiff U.S. Securities and Exchange Commission's Reply in Further Support of its Motion To Compel and Second Declaration in Support to the Court's Electronic Case Filing (ECF) System, and concurrently caused electronic notice of same to be sent to all counsel of record.

Baton Rouge, Louisiana this 16th day of July, 2014.

                                                                  _/s/ David Williams_____
                                                                    David Williams