UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COMMONWEALTH ADVISORS, INC.<br>and WALTER A. MORALES,<br>　　　　　　　　　　　　Defendants. | Civil Action No. 12-cv-00700-SDD-SCR |

### SECOND DECLARATION OF DAVID WILLIAMS IN SUPPORT OF MOTION TO COMPEL

Pursuant to 28 U.S.C. § 1746, I respectfully submit this Second Declaration in Support of Plaintiff Securities and Exchange Commission's Motion to Compel.

1.　　I am an Assistant Chief Litigation Counsel in the Division of Enforcement of the Securities and Exchange Commission ("SEC" or the "Commission"). I serve as trial counsel in this civil action. I have served as an SEC trial counsel for the last eight years. Prior to serving as an SEC trial counsel, I served as an investigative counsel for the Commission. I have been employed by the Commission since 2004. I am fully familiar with the documentary record in this litigation as well as the Commission's investigation that preceded this litigation. I make this Declaration based upon personal knowledge. The sources of my personal knowledge are documents obtained and reviewed by myself and/or other Commission staff working with me (including those annexed hereto as Exhibits), sworn testimony by witnesses in depositions or investigative testimony conducted by Commission staff, and information provided to me by other members of the Commission staff. The statements of others set forth herein are described

in substance and in part, and not verbatim. To the extent that there are assertions herein concerning dates and numbers, they are approximate, based upon information and evidence gathered to date. Because the Commission submits this Declaration for the limited purpose of supporting its Motion, I have not set forth each and every fact that I know about this litigation.

2.	Attached hereto as Exhibit A is a true and correct copy of a series of e-mail communications between myself, my colleague Gary Zinkgraf, and Mr. Fred Tulley on April 22, 2014.

3.	Attached hereto as Exhibit B is a true and correct copy of "Exhibit D" accompanying Commonwealth's Supplemental Response to the Commission's First Request for Production of Documents.

4.	Attached hereto as Exhibit C is a true and correct copy of materials produced to the Commission by the law firm K&L Gates, billing records to Commonwealth in 2008 regarding an "Internal Investigation."

5.	On July 3, 2014, Commonwealth provided the Commission two electronic spreadsheets the first log consisted of documents identified as responsive by the law firm K&L Gates, and subsequently turned over to Commonwealth by the law firm, and subsequently withheld by Commonwealth based upon an assertion of privilege.  The log identifies approximately 4,900 documents.  Attached hereto as Exhibit D is a true and correct copy of the log.  The second log produced by Commonwealth identifies Commonwealth internal documents withheld based upon an assertion of privilege. Attached hereto as Exhibit E is a true and correct copy of that log, which contains approximately 4,477 entries.

6.	Attached hereto as Exhibit F is a true and correct copy of an August 7, 2008 e-mail from Ms. Deborah Linn of K&L Gates on the subject "Items for Discussion."

2

7. Attached hereto as Exhibit G is a true and correct copy of an August 14, 2008 e-mail from Walter Morales to Ms. Deborah Linn of K&L Gates on the subject "Independent Fiduciary."

8. I have discussed with Mr. Tulley legal work performed for Mr. Morales and Commonwealth by the law firm Morgan Lewis on the subject of the so-called "June cross-trades," which were the subject of the K&L Gates internal review. Mr. Tulley has taken the position that Defendants do not have to produce responsive Morgan Lewis documents on the basis that they are beyond the scope of Defendants' waiver. Attached as Exhibit H is a true and correct copy of a June 17, 2014 email chain involving myself and Mr. Tulley on this subject.

9. There is evidence that the nature of the work done by Morgan Lewis overlapped with the "internal review" of K&L Gates. Exhibit F, the August 7, 2008 e-mail from K&L Gates partner Deborah Linn to Walter Morales states that "you mentioned that you retained a Fl counsel [the reference is clearly to Morgan Lewis and Ivan Harris who was based in Miami, Florida] to assist with getting the SEC out of your office. This is intertwined with any enforcement action that you might get and I think that Jeff needs to be involved in any decision to retain additional SEC counsel because we don't want to end up at cross-purposes, with contrary statements or goals, etc."

10. Consistent with this document, attached hereto is Exhibit I, which is a true and correct copy of an August 25, 2007, "backstop notes" which reflect contemporaneous written notes of a telephonic conversation between Morales and an investor where Morales expressed that "Morgan Lewis is reviewing the allocations across all products managed at the firm (estimated time to completion – 2 weeks."

3

11.     As a part of K&L Gates' "internal review," the law firm advised Commonwealth on the selection of a so-called "independent fiduciary" to approve certain conflicted transactions necessary to address the so-called "June cross-trades." Ex. C, pp. 2-3. There is evidence that Morales also consulted Ivan Harris of Morgan Lewis concerning the independent fiduciary. Attached hereto as Exhibit J is a true and correct copy of an August, 14, 2008, e-mail from Ivan Harris to Morales stating: "I also checked with our regulatory specialists in our DC office and the use of the independent fiduciary sounds good to them."

12.     Defendants assert as a part of their advice of counsel defense that "K&L Gates advised that the third party administrator was obligated to value the funds' assets on a monthly basis and that the administrator, Spectrum, failed to perform these duties as it should have." Dkt. No. 40-3, p. 11. There is evidence that Morgan Lewis was asked by Morales to review a disclosure letter to investors drafted by the administrator, Spectrum Global Fund Administration LLC ("Spectrum"). At Morales request, Ivan Harris at Morgan Lewis reviewed and edited the letter to remove any mention of the internal audit of the pricing and engagement of a third party. Mr. Harris explained his reasoning to Mr. Morales as follows: "I have revised the statement below, which Spectrum will hopefully be ok with. It leaves their concern intact, while eliminating any trail for the regulators to follow regarding an internal audit of the pricing and the engagement of an independent third party." A true and correct copy of this communication is attached hereto as Exhibit K. This communication was produced to the Commission by Spectrum. It has not been produced by Commonwealth, nor does it appear on a Commonwealth privilege log.

13.     Documents suggest that the involvement of the Morgan, Lewis law firm was ongoing. Spectrum wrote to Morales on November 20, 2008, advising him that a large investor

4

had raised questions about a change in the cost basis of certain securities involved in the "June cross-trades." Spectrum expressed concern that Morales had told the investor that a Spectrum mistake caused the change in cost basis. On November 21, 2008, Morales replied to Spectrum stating that "K&L Gates and Morgan Lewis are reviewing the letter and it is imperative that you wait to release this until it has made it through both." A true and correct copy of this series of communications is attached as Exhibit L.

14. Attached hereto as Exhibit M is a true and correct copy of a September 28, 2008 email communication from Walter Morales to an investor, which copies K&L Gates counsel Cary Meer. Attached hereto as Exhibit N is a true and correct copy of an August 6, 208 email communication from K&L Gates counsel Deborah Linn to Eric Schilf and Martin Pembrooke of Spectrum Adminstrators, which copies Morales and others.

14. I have personally reviewed a substantial volume of documents produced in discovery by the Defendants in this matter. Among the documents that I have reviewed are the individual tax returns of Defendant Morales for the years 2007 through the present. Certain of these returns reflect, among other things, 1099 interest income paid to Morales by, among other entities, Sallie Mae Bank, Federal Credit Union, and CapitalOne, NA.

DATED: July 16, 2014                    Respectfully submitted,

/s/ W

_____
A. David Williams
Attorney for Plaintiff
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20901-4010
Telephone: (202) 551-4548 (Williams)
Fax: (202) 972-9246 (Williams)