UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

U.S. SECURITIES AND EXCHANGE
COMMISSION                               CIVIL ACTION

VERSUS                                   NUMBER 12-700-JWD-SCR

COMMONWEALTH ADVISORS, INC.
AND WALTER A. MORALES

**RULING ON MOTION TO COMPEL**

Before the court is the Plaintiff's Motion to Compel filed by plaintiff U.S. Securities and Exchange Commission.[1] Record document number 35. The motion is opposed by defendants Commonwealth Advisors, Inc., and Walter A. Morales. Record document number 40.

The subject of this Motion to Compel is the plaintiff's October 3, 2013 First Set of Interrogatories and First Request for Production of Documents served on Commonwealth Advisors, and the April 2 and April 30, 2014 First Set of Interrogatories and First

---

[1] Plaintiff filed this action against the defendants alleging that beginning in 2007, the defendants engaged in a scheme to hide losses in certain hedge funds they advised by: (1) executing improper trades across the funds that benefitted certain clients at the expense of other clients; (2) making materially false representations to investors about the amount and value of, and the process for valuing, mortgage-backed assets held in the funds; and, (3) fabricating internal documents to support their false valuations. Plaintiff alleged this conduct violated several federal securities laws, and requested the defendants be enjoined from further violations of federal law, and be ordered to pay disgorgement and penalties for their violations. Complaint, ¶¶ 1-5.

Request for Production of Documents served on Walter A. Morales.[2] After the plaintiff filed this Motion to Compel on June 12, 2014, the defendants provided the plaintiff with revised and amended answers and responses on July 7, 2014.[3] Based on this production, the defendants asserted in their opposition that the Plaintiff's Motion to Compel is moot. However, in a subsequent reply to the defendants' opposition, the plaintiff asserted that in large part the motion is not moot and many of the answers and responses remain deficient.[4] Defendants then filed a reply memorandum essentially asserting that the plaintiff's continued complaints about the sufficiency of their discovery responses are not valid.[5] Therefore, in addressing the remaining issues the court will focus on the arguments and issues discussed in the reply memoranda.

After careful review of the parties' arguments, memoranda and exhibits, the Plaintiff's Motion to Compel is resolved as follows.

**First Set of Interrogatories and Requests for Production of Documents directed to Commonwealth Advisors**

**Interrogatory Numbers 4, 6, 9 and 11**

Plaintiff's Interrogatory Number 4 asked Commonwealth to

---

[2] Record document numbers 35-3 and 35-4, Exhibits A and B; record document numbers 35-11 and 35-12, Exhibits I and J.

[3] Record document numbers 40-1 through 40-4, Exhibits 1-4.

[4] Record document number 45.

[5] Record document number 49.

identify all investments and redemptions made by Morales in Commonwealth advised funds, Collybus securities, or Commonwealth and to describe in detail the disposition and use of the proceeds from all redemptions.  In their reply memorandum, the plaintiff maintained that the amended answer fails to state whether its response includes "all redemptions," and does not include several entities that defense counsel has admitted satisfy the description of "Morales."

Plaintiff's first argument is unsupported.  A fair reading of the answer is that Commonwealth produced documents showing all investments and redemptions.[6]  The second argument has merit.  Based on the emails between counsel and the definition of "Morales" included in the definitions section of the interrogatories, three other entities should have been included in the list - Sand Spring Management, LLC, Recovery Partners and Recovery Partners II.[7]  As to these three entities, Commonwealth will be ordered to supplement its answer and provide the requested information or explain in sufficient detail the location of the documents containing the information.

Interrogatory Number 6 sought information identifying all management and performance fees paid to Commonwealth and Sand

---

[6] Record document number 40-1, Exhibit 1, Amended Answer to Interrogatory No. 4, p. 11.

[7] Record document number 45-2, pp. 1-2; record document number 35-3, Exhibit A, p. 5.

3

Spring Management by or on behalf of Commonwealth-advised funds, clients and investors in Commonwealth-advised funds. Plaintiff argued that Commonwealth failed to provide a substantive response, because it listed Bates number ranges of documents instead of simply providing the information, and the listing was 25 pages long. Commonwealth responded that its identification of documents complies with Rule 33, Fed.R.Civ.P. Commonwealth argued that the plaintiff's contention that it identified too many documents where the information can be found is not a valid basis to find that its answer is deficient.

Commonwealth's argument is persuasive. Under Rule 33(d)(1) a party has the option to answer an interrogatory by producing the business records from which the answer can be ascertained. A party may respond in this manner if the burden of deriving or ascertaining the answer is substantially the same for either party. A party exercising the Rule 33(d)(1) option must specify the records in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.

Plaintiff asserted that Commonwealth designated too many documents; it did not contend that the burden of deriving the answer from the designated documents would be greater for it than for the defendant, or that it could not identify the records that needed to be reviewed from the list of documents provided by Commonwealth. Commonwealth is not required to supplement its

4

answer to Interrogatory Number 6..

Interrogatory Number 9 asked Commonwealth to identify all investments and redemptions made by Crestline-advised funds in Commonwealth-advised funds, and all documents related to these investments and redemptions. Again, the plaintiff's complaint regarding the amended answer appears to be that Commonwealth specified Bates number ranges which designated over 44,000 pages of documents.

Plaintiff's argument is not a valid ground to find the answer is deficient. Nor did the plaintiff demonstrate that the answer does not comply with Rule 33(d)(1). Commonwealth is not required to supplement its answer to Interrogatory Number 9.

Interrogatory 11 asked Commonwealth to identify all communications between Commonwealth and broker-dealer Stone & Youngberg related to requests from the broker for Commonwealth change its instructions or advice concerning the price at which a security is sold in a transaction between Commonwealth clients. Commonwealth essentially answered that it believes it has previously produced all records of the communications, it will produce any it may find that have not been previously produced, and it conducted a search of the documents and found no responsive documents. Plaintiff argued that the answer is deficient because it did not ask for identification of documents, but for identification of communications, and that if Commonwealth does not

believe these communications took place it should say so directly.

Commonwealth's answer, as well as the plaintiff's arguments, are somewhat confusing. Nevertheless, a fair reading of the answer to this interrogatory is that Commonwealth conducted another search for documents that evidence the communications and has not found any more documents from which these communications can be identified. Other than the duty to supplement under Rule 26(e)(1), Commonwealth is not required to supplement its answer to Interrogatory Number 11.

**Requests for Production Numbers 2-13, 15, 17, 19-37**

Plaintiff argued that despite Commonwealth's amended responses provided on July 7, 2014, the responses to Requests for Production Numbers 2-13, 15, 17, 19-37 remain deficient. Plaintiff argued that in large part Commonwealth's amended responses are substantially unchanged from its original responses. According to the plaintiff, the primary deficiency continues to be Commonwealth's failure to respond as required by Rule 34 - to produce the documents as they are kept in the usual course of business, or organize and label them to correspond to the categories set forth in the requests for production. Plaintiff pointed out that with all but a few exceptions, Commonwealth did not identify the Bates numbers or Bates number range of any documents responsive to each particular document request. Commonwealth argued that its responses are sufficient.

Essentially for the reasons set forth in Commonwealth's

6

memoranda and exhibits, Commonwealth's arguments are persuasive. Commonwealth's memoranda and exhibits demonstrate that: (1) its reference to previously produced documents is sufficient because the documents produced during SEC investigation discovery have been converted into the searchable Concordance database format - the format used, requested and agreed to by the plaintiff; (2) any additional documents specifically produced in response to discovery requests in this case have also been produced to the plaintiff in the searchable Concordance format; and, (3) because the documents were supplied in large databases and the format does not allow a search over multiple databases, the documents appear in the database as kept in the normal course of business, and a spreadsheet was provided showing this organization of the database and listing each document produced.

These facts support the conclusion that Commonwealth's production of documents complies with Rule 34(b)(2)(E) – Commonwealth has produced the documents and electronically stored information in an agreed-to and reasonably usable format. Therefore, to the extent it has not done so, Commonwealth is not required to further identify by Bates numbers or Bates number ranges the specific documents that are responsive to each individual request for production of documents. Furthermore, considering the needs of the case at this point,[8] and the relative

---

[8] Fact discovery must be completed by December 5, 2014 and expert disclosures and discovery will commence shortly thereafter.
(continued...)

resources of the parties, the burden and expense of requiring Commonwealth to provide any additional and/or more specific identification of documents, outweighs any benefit that might be derived by the plaintiff, and so is not warranted.[9]

In summary, with regard to defendant Commonwealth Advisors, it will only be required to supplement its answer to Interrogatory Number 4.

### First Set of Interrogatories and Requests for Production of Documents directed to Walter A. Morales

**Morales Interrogatories**

Plaintiff propounded ten interrogatories to defendant Morales on April 2, 2014, and Morales provided answers on July 7, 2014. In its reply memorandum, the plaintiff argued that Morales should be order to provide amended answers, without objections, because he waived any objections when he failed to respond to the discovery within 30 days. Under Rule 33(b)(2), Morales's objections were not timely. However, the plaintiff's waiver argument fails to explain why this makes it necessary to order Morales to re-serve his answers just to delete the objections.

Plaintiff's only substantive complaints about Morales' answers to interrogatories are contained in three footnotes.[10] Plaintiff

---

[8](...continued)
Record document number 47.

[9] Rule 26(b)(2)(C), Fed.R.Civ.P.

[10] Record document number 45, Reply Memorandum in Support of
(continued...)

asserted that Morales's response to: (1) Interrogatory Number 7 is deficient because his answer was no more than to rely on a collection of more than 100,000 documents; (2) Interrogatory Number 5 is deficient because he referred generally to boxes of documents, but did not identify any Bates number ranges for these documents; and, (3) Interrogatory Number 8 is deficient because it only referred to the Chase Bank accounts without any statement that the response is comprehensive.

Plaintiff's arguments are unpersuasive. For the reasons explained above, Morales's answer to Interrogatory Number 7 directing the plaintiff to large numbers of documents by citing a database and Bates number ranges of documents is not objectionable given that documents containing the information have been provided to the plaintiff in an agreed-to and searchable electronic format. With regard to Interrogatory Number 5, Morales identified the form and location of the documents containing the information and stated he would make them available for inspection and copying. This answer complies with Rule 33(d) and is not deficient. As to Interrogatory Number 8, the plaintiff argued the answer is insufficient because it does not contain a statement that the answer is comprehensive. This argument is unpersuasive because nothing about the answer indicates that all the available information was not provided.

---

[10](...continued)
Plaintiff's Motion to Compel, p. 7, footnotes, 7, 8, and 10.

**Morales Requests for Production of Documents**

In its reply memorandum the plaintiff argued that despite Morales's amended responses, Requests for Production Numbers 1, 2, 4-6 remain deficient for the following reasons: (1) Morales referred to a Bates number range of more than 100,000 documents in response to Request for Production Number 1; (2) no Bates number ranges of documents were identified in response to Requests for Production Numbers 2, 5, and 6; and (3) the response to Request Number 4 did not indicate that all accounts have been identified, and three accounts reported on tax returns were not identified nor were the statements produced.[11]

With regard to Requests for Production Numbers 2, 5 and 6 the plaintiff's argument is without merit. In response to these document requests, Morales identified the responsive documents, and stated that either the documents were maintained in hard copies and would be made available to the plaintiff for inspection and copying, or the documents could be found in the Concordance scanned documents database. As explained above, these responses comply with Rule 34(a) and (b)(2)(E). Similarly, the plaintiff's argument that Morales's response to Request Number 1 is deficient because he designated too large a Bates number range is unpersuasive. Plaintiff did not contend it could not use the information provided to locate the documents responsive to this request, or that the

---

[11] The three accounts are with Federal Credit Union, CapitalOne NA and Sallie Mae Bank. Record document number 45, p. 7.

10

size of the document range would prohibit it from doing so.

As to Request for Production Number 4, Morales explained the nature of the three accounts, stated that he did not have copies of the statements, and agreed to provide the plaintiff with the account numbers.

Morales will be required to provide a supplemental response to this document request. Morales stated that he did not have copies, but he did not state that he could not obtain copies. Therefore, Morales will be required to provide the account numbers and statements for these three accounts from 2007 through 2012.

In summary, the plaintiff is only entitled to a supplemental response to Request for Production Number 4.

## **Privileged Documents**

Plaintiff argued that the court should require the defendants to produce all the documents they have withheld based on attorney-client privilege. Plaintiff argued the production should be ordered because: (1) a review of the most recent privilege log demonstrates the defendants are continuing to withhold documents that fall within the scope of their waiver of the privilege;[12] (2) recently-produced documents show that defendants' counsel have communicated with many outside third parties; and, (3) the defendants' privilege log is insufficient to sustain the privilege

---

[12] The waiver is based on the defendants advising the plaintiff in May 2014 of their intent to rely on an advice-of-counsel defense.

for the documents listed.  Defendants failed to address any of these arguments in their reply memorandum.

Under Rule 26(b)(5)(A), Fed.R.Civ.P. a party who withholds relevant, discoverable information may not rest on blanket assertions that the information is privileged or protected as trial preparation material.  As explained in the rule, a claim that information/documents are protected by attorney-client privilege must be expressly made and a description of the withheld documents (which is commonly provided in the form of a privilege log) must be provided.  The producing party must describes the nature of the documents and other information in such a way that, without revealing the protected information itself, enables the other party to assess the privilege claim.

Review of the defendants' privilege logs supports the plaintiff's argument that the logs are wholly inadequate to sustain the defendants' assertion of attorney-client privilege.  The descriptions of the nature and subject matter of the withheld documents are either completely absent or so vague that no opposing party would be able to assess whether the assertion of the privilege was valid.[13]  From a review of the logs as a whole, it

---

[13] There are so many examples of this throughout the privilege logs it would be impossible to cite them all.  A few of the most troublesome examples of descriptions of supposedly privileged documents, taken from the second privilege log (record document number 45-2, pp. 152-206), are as follows: "PST files.eml," "FW.eml," "2 Things.eml," "Good News.eml," "New Office Address Phone Number.eml," "tournament etc.eml," "Re: contact info.eml," "Unified.eml," "Liquid Green.eml."  All of these are found on page
(continued...)

appears that documents between attorneys and between attorneys and the defendants have been withheld regardless of the subject matter of the communication. The glaring examples of documents being withheld when the subject of the documents as stated in the privilege log give no indication that the communication/document would come within the attorney client privilege. The court estimates there are thousands of such documents. Neither the plaintiff nor the court can reasonably rely on subject description to assess the whether the privilege is applicable to the document.[14]

Finally, the plaintiff's subject matter waiver argument is persuasive.[15] Defendants have asserted reliance on advice of counsel as a defense. By doing so they can no longer withhold communications/documents on the same subject matter that would otherwise be privileged. Defendants asserted that there are responsive documents from the Morgan Lewis law firm, but they are not within the scope of the advice-of-counsel defense waiver. Yet, the defendants' wholly deficient privilege logs make it impossible to reliably determine the true subject matter of the withheld documents. In these circumstances the defendants' failure to

---

[13](...continued)
1.

[14] The court acknowledges that the subject of an email as stated in the email's "RE" or "Subject" line may not accurately reflect the actual subject of the email. However, the subject of the email as stated in the privilege log is what the defendants provided.

[15] Record document number 45, pp. 10-11.

produce a privilege log that complies with Rule 26(b)(5)(A) compels a finding that the defendants have waived the privilege and the documents listed on the privilege logs must be produced.

### Conclusion

Accordingly, the Plaintiff's Motion to Compel filed by plaintiff U.S. Securities and Exchange Commission is granted in part as follows:  (1) defendant Commonwealth Advisors, Inc. shall provide a supplemental answer to Interrogatory Number 4, without objections, within seven days; (2) defendant Walter A. Morales shall provide a supplemental response to Request for Production Number 4, without objections, within seven days; and, (3) defendants Commonwealth and Morales shall produce the documents withheld on the basis of attorney-client privilege, without objections, within seven days.[16]

All remaining aspects of the Plaintiff's Motion to Compel are denied.  Under Rule 37(a)(5)(c), the parties shall each bear their respective costs incurred in connection with this motion.

Baton Rouge, Louisiana, October 28, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[16] The time for production is shorter than it would usually be given the parties current deposition schedule.