UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


U.S. SECURITIES AND EXCHANGE
COMMISSION                                          CIVIL ACTION

VERSUS                                              NUMBER 12-700-JWD-SCR

COMMONWEALTH ADVISORS, INC.
AND WALTER A. MORALES


### RULING ON MOTION FOR IN CAMERA REVIEW

Before the court is the Plaintiff's Motion for In Camera Review. Record document number 57. Defendants filed an opposition.[1]

Plaintiff sought an in camera review of two documents which it contends were improperly redacted to remove information coming within the scope of the defendants advice-of-counsel defense which created a waiver of their previously asserted attorney client privilege.

The first document is three-page memorandum referred to as the "CW Issues" memorandum, and the second is five-page memorandum referred to as the "Morales Memo."[2] Un-redacted versions of these documents were provided to the court when the defendants filed their opposition memorandum. This ruling does not include any

---

[1] Record document number 61.

[2] The redacted version of CW Issues is Bates numbered MLB008 - MLB010. The redacted version of Morales Memo is Bates numbered MLB019 - MLB023. The pages of the documents are not separately numbered.

information which would reveal the specific facts disclosed to Morgan Lewis attorney Ivan Harris nor any advice provided by the attorney.

**CW Issues**

The communication upon which this document is based occurred in August 2008. While not specifically stated in the redacted version of the document, the parties generally agree that the source of the factual information in the document was defendant Walter Morales and/or Commonwealth Advisors, Inc.

Review of the un-redacted version supports finding that section I (on redacted page MLB008) does not fall within any of the three advice-of-counsel defense waiver areas as they are described in the defendants' opposition memorandum. However, from the beginning of section II (redacted page MLB008) through the fifth bullet point paragraph on the second page of the document (redacted page MLB009), the document consists of factual information under the headings "Collybus Trading" and "Initial Collybus Deal and Subsequent Activity." This part of the document describes the formation of the Collybus CDO, the collateral manager's role, and the cross trades. This information falls within the first and third advice-of-counsel defense waiver areas. This conclusion is further supported by finding that, on the third page under the heading "Issues" (redacted page MLB010), numbered paragraphs 2 and 4 fall within the third advice-of-counsel defense waiver area. The

issues stated in paragraphs 2 and 4 are in the present tense, i.e., what should be done at that time, i.e., August 2008. The issues are not described as being an assessment of the appropriateness or legality what was already done by Commonwealth nor how to respond to the SEC's investigation.

**Morales Memo**

The redacted version the Morales Memo removed all but the header information (subject/to/from) and one sentence on the fifth page. The subject of the Morales Memo accurately states that it is the "SEC and **other** legal/regulator issues for Commonwealth Advisors."[3] Defendant Morales provided information to Morgan Lewis attorney Ivan Harris regarding the Collybus CDO and Commonwealth's activities regarding the Collybus CDO from late 2007. Most of the information appears to be factual but some of it consists of his assessments of various actions Commonwealth took or failed to take.

It is difficult to determine from examining just this document how much of it comes within any of the three advice-of-counsel defense waiver areas. However, the document overall supports finding that the numbered section 1) through paragraph d) on the first page (redacted page MLB019) covers the same subject matter as all three advice-of-counsel defense waiver areas. Morales used present tense verbs which indicate ongoing or anticipated Commonwealth activities related to what it should do to satisfy a

---

[3] Record document number 57-5 (emphasis added).

client's wishes; only paragraph e) appears to be related to responding to the SEC investigation. In the Summary section (redacted pages MLB022 - MLB023), paragraphs 8, 10, 13 and 14 (all on redacted page MLB023) come within the third advice-of-counsel defense waiver areas.[4] Paragraphs 13 and 14 discuss what Commonwealth needs to do vis-a-vis its clients and Cantor Fitzgerald regarding a certain trade; neither paragraph indicates that the information was provided for the purpose of obtaining legal advice regarding the SEC investigation.

This assessment of these two documents was made so as to give the defendants' advice-of-counsel defense waiver a narrower rather than a wider application, to err on side of preserving the attorney client privilege as to these two documents. But the review these two document indicates that the defendants are assessing the advice-of-counsel defense waiver areas even more narrowly, thereby widening the scope of the remainder of the privilege, and resulting in excluding from production information and communications to/from the Morgan Lewis law firm on the same subject matters as the three waiver areas. This creates concern because it means the defendants removed discoverable information from redacted documents produced after the defendants asserted their advice-of-counsel defense.

Accordingly, the Plaintiff's Motion for In Camera Review is

---

[4] Paragraph 9 was included in the redacted versions produced to the plaintiff.

granted to the following extent. Defendants shall produce to the plaintiff, within 24 hours, a revised redacted version of:

(1) the CW Issues memorandum, disclosing (in addition to the parts previously disclosed) from the beginning of section II (redacted page MLB008) through the fifth bullet point paragraph on the second page of the document (redacted page MLB009), and numbered paragraphs 2 and 4 on the third page under the heading "Issues" (redacted page MLB010); and,

(2) the Morales Memo disclosing (in addition to the parts previously disclosed) the numbered section 1) through paragraph d) on the first page (redacted page MLB019), and paragraphs 8, 10, 13 and 14 (all on redacted page MLB023) of the Summary section.

Baton Rouge, Louisiana, November 6, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE