## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION** | **CIVIL ACTION NO. 12-700** |
| | **JUDGE JOHN W. deGRAVELLES** |
| **VERSUS** | **MAG. JUDGE STEPHEN C. RIEDLINGER** |
| **COMMONWEALTH ADVISORS, INC., ET AL.** | **JURY TRIAL** |

### RULING AND ORDER

This matter came before the Court on the Commonwealth Advisors, Inc.'s and Walter A. Morales' Appeal to the District Judge of, and Objection to, the Magistrate's Judge's Ruling on Motion to Compel ("Appeal") (R.Doc. 64). The appeal was opposed. (R.Doc. 66). Oral argument was heard on the appeal on November 12, 2014.

Having carefully considered the law, the arguments of the parties, and the facts in the record, the Court reverses that part of the Magistrate Judge's Ruling on Motion to Compel (R.Doc. 59) holding that all Defendants waived their attorney-client privilege with respect to all documents for which that privilege was asserted and ordering production of those documents within seven days. On or before December 18, 2014, Defendants must submit to the Plaintiff a revised privilege log that is in compliance with Fed.R.Civ.P. 26(b)(5)(A) and must produce to the Plaintiff all documents for which the attorney-client privilege has been waived by the assertion of the advice-of-counsel defense. If the Court finds on or after December 18, 2014, that the privilege log descriptions fail to satisfy Rule 26(b)(5)(A) and/or that Defendants have withheld a document from production in bad faith, then the Court will deem the attorney-client privilege waived as to all such documents, and will consider other sanctions as are appropriate.

The Court suspends other currently-scheduled discovery for five weeks or until December 18, 2014 and continues for that same period all other deadlines in the Amended Scheduling Order (R.Doc. 74).

## I.    Background

Plaintiff United States Securities and Exchange Commission ("SEC") filed suit against Defendants Commonwealth Advisors, Inc. ("Commonwealth") and its principal, Walter A. Morales (collectively, "Defendants"), claiming violations of federal securities laws.  The SEC claims that Defendants engaged in a scheme to hide losses in hedge funds they advised by executing improper trades across the funds that benefitted certain clients at the expense of others. Plaintiff alleges Defendants made materially false representations to investors about the amount and value of, as well as the process of valuing, certain residential mortgage-backed securities held in the funds and fabricated internal documents to justify the false valuations.

The SEC's investigation of Defendants began in 2009.  Before November of 2012, Defendants produced five privilege logs prepared by two former counsel. Defendants claim they produced 400,000 documents during this preliminary investigation.

In November 2012, the SEC filed the instant suit.  Production began in April 2014, and, to date, Defendants claim that they have produced an additional three million documents.

In June 2014, Defendants asserted for the first time the advice-of-counsel defense.[1]  The parties agree that this shift has caused a number of documents that were previously privileged to become eligible for production.  Defendants claim they undertook to re-review all privileged and

---

[1] The three subject matters that Defendant relied on advice of counsel about are: (1) advice related to the creation of Collybus which rendered during the time period of June 2007 until November 2007; (2) the legal definition of "cross-trades"; and (3) what actions should be taken by Commonwealth when it was discovered that trades that occurred in June 2008 may not have conformed to firm policy and objections, and the reallocation of those trades and restatement of NAV.  R.Doc. 64 at 2 n. 1.

work product documents previously identified and withheld from production to identify that set of documents as to which the waiver would apply.

On June 12, 2014, the SEC filed a Motion to Compel seeking documents related to the advice-of-counsel defense.  The SEC represented that Defendants were reviewing the materials previously withheld to identify and produce materials relevant to the new defense.  The SEC urged that it should not be prejudiced by the duration of counsel's review of purportedly privileged and advise-of-counsel documents, particularly where Defendants had not bothered to submit a privilege log in more than six months, presumably relying on a pre-litigation log that they admitted was incomplete.  The SEC also complained that the pre-litigation logs did not contain all of the information required of logs.[2]

In July 2014, the Defendants produced another privilege log.  As counsel for Defendant conceded at oral argument, the description given of many of the documents listed in this log were inadequate for purposes of Rule 26(b)(5)(A) in that they failed to "describe the nature of the documents [or] communications... in a manner that, without revealing information itself privileged or protected, … enable[d] other parties to assess the claim."[3]

On October 29, 2014, the Magistrate Judge issued his Ruling on Motion to Compel (R.Doc. 59). The Magistrate agreed with SEC that the logs were wholly inadequate to sustain the defendants' assertion of attorney-client privilege because the descriptions of the nature and subject matter of the withheld documents were either completely absent or so vague that no opposing party would be able to assess whether the assertion of the privilege was valid.  The

---

[2] According to Defendants, this was the first time that the SEC complained about the contents or quality of the privilege logs.

[3] Examples of these poor descriptions were "investor letter"; "MD technologies" ; "Commonwealth funds" ; "status update" ; "valuation" ; "email attachment-KLG-CWA-000757" ;  "repo retirement" ; "Crestline questions" ; "phone numbers" ; "model"

Magistrate found the SEC's waiver argument persuasive because "defendants' wholly deficient privilege logs make it impossible to reliably determine the true subject matter of the withheld documents." (R.Doc. 59 at 13).  The Magistrate Judge deemed the privilege waived and required production of documents withheld on the basis of the attorney-client privilege within seven days. The Ruling did not find that the log's deficiencies were the result of bad faith on the part of the Defendants, but the Defendants were not given an opportunity to correct the deficiencies in the log.

The Defendants objected to the ruling of the Magistrate Judge. (R. Doc. 64). This Court granted a Stay of that ruling in order for the parties to present oral argument on the objection. (R.Doc. 72).  The Court heard oral argument on November 12, 2014.

II.      **Discussion**

"Federal law affords a magistrate judge broad discretion in the resolution of nondispositive pretrial matters. Thus, a district court reverses a magistrate judge's ruling on such matters only where the court finds the ruling to be 'clearly erroneous or contrary to law.'"  *St. Paul Fire & Marine Ins. V. SSA Gulf Terminals, Inc.*, No. 01-cv-3063, 2002 WL 31375611, at *2 (E.D.La Oct. 21, 2001)(finding that a magistrate's ruling concerning waiver of the attorney-client privilege was not clearly erroneous)(citations omitted).

The Court finds that the Magistrate Judge's decision was clearly erroneous in finding a waiver of all privileged documents.  In *Cashman Equipment Corp.*, No. 08-363, 2009 WL 2487984 (M.D. La. Aug. 11, 2009)(Noland, J.), the court dealt with a defective privilege log and was asked to determine whether the deficiencies caused a waiver.  Rejecting the waiver approach, the *Cashman* court stated that "the appropriate approach in the present case is to allow

-4-

[the producing party] a short opportunity to amend its privilege log to correct the log's deficiencies." *Id.* at *2. *Cashman* further explained, "the majority approach by courts, when confronted by a privilege log that is technically deficient and that does not appear to have been prepared in bad faith, is to allow the party who submitted the log a short opportunity to amend the log prior to imposing the drastic remedy of waiver." *Id. Cashman* cited to considerable authority for this proposition, including 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2016.1 (2d ed. 1994 & Supp.2007), which stated, "Unless there has been a bad-faith failure to comply with a reasonable identification effort, automatically finding a waiver of the privilege would be unduly harsh, as some courts have already recognized ... draconian penalties should not readily be meted out to those found to have designated with inadequacy specificity unless the court concludes they have acted in bad faith."

The Court finds that *Cashman* presents the appropriate approach and should be applied here.  While all parties seem to agree that the privilege logs are inadequate, there seems to be no proof or showing of bad faith conduct on the part of the Defendants, whose production of nearly three million documents shows an effort to cooperate.  Accordingly, waiver would be too harsh a remedy under these circumstances, and the Court will allow Defendants an opportunity to amend their privilege logs.

Thus, the practical question then becomes – how long is an appropriate time to correct the deficiencies given the August 17, 2015 trial date and deadlines currently in place in the Amended Scheduling Order (R.Doc. 74), which lists the non-expert discovery cutoff at January 30, 2014, and the dispositive motion and Daubert motion deadline at March 6, 2015.

At oral argument, counsel for Defendant stated that the privilege log could be revised and completed in two to four weeks, depending on the size of the team assigned to the task. Counsel for the Defendants also urged a one month hiatus in discovery to facilitate settlement. Counsel for the SEC did not oppose altering the deadlines in the Amended Scheduling Order as long as the trial date was unaffected.

Accordingly, the Court will suspend all deadlines in the Amended Scheduling Order (R.Doc. 74) and all currently-scheduled discovery for five weeks, or until December 18, 2014. On or before that date, Defendants must submit to Plaintiff a revised privilege log that complies with Rule 26(b)(5)(A). If the privilege log does not comply with Rule 26(b)(5)(A) by December 18, 2014, then the Court will deem the privilege waived as to those documents.

On or before December 18, 2014, Defendants must also produce to the Plaintiff all documents for which the attorney-client privilege has been waived by the assertion of the advice-of-counsel defense. However, a problem exists with respect to the scope of waiver for the advice- of- counsel defense. As the Court explained in *Waste Management of Louisiana, LLC v. Parish*, No. 13-cv-226, 2014 WL 2803066 (E.D. La. June 19, 2014):

> There is an inherent risk in permitting the party asserting a defense of its reliance on advice of counsel to define the parameters of the waiver of the attorney-client privilege as to that advice. That party should not be permitted to define selectively the subject matter of the advice of counsel on which it relied in order to limit the scope of the waiver of the attorney-client privilege and therefore the scope of discovery. To do so would undermine the very purpose behind the exception to the attorney-client privilege at issue here—fairness.

*Id.*, at *2 (quoting *Naquin v. Unocal Corp.*, No. 01–3124, 2002 WL 1837838, at *5 (E.D.La. Aug. 12, 2002). Accordingly, if it is found that Defendants withheld a document in bad faith that should have been produced because of the waiver from the advice of counsel defense, then the

Court will deem the privilege waived as to any such document, and will consider other sanctions as may be appropriate.

Counsel for Defendants suggested that the Court order mediation to take place during the hiatus.  The Court will not order mediation to take place though it encourages the parties to engage in mediation in order to resolve the matter amicably.

Similarly, the Court will not order that the parties reschedule all discovery that is postponed during the five-week break.  However, the Court strongly encourages the parties to reschedule all depositions and other discovery, even if the parties hope to settle, as the Court will not grant a continuance of the trial absent extremely good cause.

III.    **Conclusion**

Accordingly,

**IT IS ORDERED** that the part of the Magistrate Judge's Ruling on Motion to Compel (R.Doc. 59) holding that all Defendants waived their attorney-client privilege with respect to all documents for which that privilege was asserted and ordering production of those documents within seven days is **REVERSED**;

**IT IS FURTHER ORDERED** that, on or before December 18, 2014, Defendants must submit to the Plaintiff a revised privilege log that is in compliance with Fed.R.Civ.P. 26(b)(5)(A) and must produce to the Plaintiff all documents for which the attorney-client privilege has been waived by the assertion of the advice-of-counsel defense;

**IT IS FURTHER ORDERED** that, if the Court finds on or after December 18, 2014, that the privilege log descriptions fail to satisfy Rule 26(b)(5)(A) or that Defendants have withheld a document from production in bad faith, then the Court will deem the attorney-

client privilege waived as to all such documents and will consider all other sanctions that may be appropriate;

**IT IS FURTHER ORDERED** that all other deadlines in the Amended Scheduling Order (R.Doc. 74) are continued for five weeks and that all other currently-scheduled discovery is hereby suspended for five weeks, to resume on December 18, 2014.

Signed in Baton Rouge, Louisiana, on <u>November 14, 2014</u>.

_____

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

-8-