UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

U.S. SECURITIES AND EXCHANGE
COMMISSION                                CIVIL ACTION

VERSUS                                    NUMBER 12-700-JWD-SCR

COMMONWEALTH ADVISORS, INC.
AND WALTER A. MORALES

**RULING ON DEFENDANTS' MOTION TO COMPEL**

Before the court is Defendants' Motion to Compel filed by defendants Commonwealth Advisors, Inc. and Walter A. Morales. Record document number 75. The motion is opposed by the plaintiff U.S. Securities and Exchange Commission ("SEC").[1]

The subjects of this motion to compel are the defendants' First Set of Interrogatories and Requests for Production of Documents, Second Set of Interrogatories and Third Set of Requests for Production of Documents. Defendants moved for an order compelling the plaintiff to fully and completely respond to Interrogatory Numbers 1, 2, 3, 4, and 11 and Requests for Production Numbers 2, 5, 6, 7, and 8 of the First Set of Interrogatories and Requests for Production, and the Second Set of Interrogatories and Third Set of Requests for Production.[2] Defendants argued that the plaintiff failed to produce an adequate

---

[1] Record document number 79.

[2] Record document numbers 75-3 and 75-5, Exhibits A and C.

privilege log.  Therefore, the court should find all privileges claimed by the plaintiff are waived and order the documents produced.

Defendants noted that a letter was sent to the plaintiff's counsel for the plaintiff on October 20, 2014, stating their position that Interrogatory Numbers 1, 2, 3, 4, and 11, and Request Numbers 2, 5, 6, 7 and 8 were deficient, and that the claims of work product protection, attorney-client privilege, common interest privilege, law enforcement privilege and the deliberative process privilege were not supported by the privilege log provided on September 2, 2014 with sufficient detail to comply with Rule 26(b)(5)(A), Fed.R.Civ.P.[3]  On October 27, 2014 the plaintiff's counsel responded with a letter and an updated privilege log.[4] According to the defendants, the plaintiff provided additional information for certain interrogatories and document requests, but denied that any of its other discovery responses or privilege log were deficient.  This motion to compel followed.

All of the parties' arguments and exhibits have been considered.[5]  Plaintiff's arguments have merit.  Defendants failed

---

[3] Record document number 75-8, Exhibit F.  Plaintiff's first privilege log was provided with its responses to defendants' Second Set of Interrogatories and Third Set of Requests for Production. Record document number 75-7, Exhibit E.

[4] Record document number 75-9, Exhibit G.

[5] This ruling does not include any privileged or confidential
(continued...)

to support their claims that the plaintiff's discovery responses and privilege log are deficient.  The motion to compel is resolved as follows.

Plaintiff argued that the motion should be denied because, contrary to Rule 37(a)(1), Fed.R.Civ.P., the defendants failed to engage in a good faith effort to confer and resolve the discovery issues before filing the motion.  Plaintiff pointed out that the defendants sent their letter on October 20, and received its letter response on October 27.  However, after this date the defendants never communicated, by letter or otherwise, their continuing disagreement with the plaintiff's response and that they intended to file a motion to compel.  Plaintiff noted that after October 27 its counsel had several telephone conversations with counsel for defendants, and no indication was given that the defendants still maintained the plaintiff's answers and responses to document requests were deficient.  Plaintiff argued that these actions support denying the defendants' motion because the defendants made no serious effort to meet and confer to resolve the discovery issues without court action.

Plaintiff makes a persuasive argument that the defendants should have engaged in further discussions before filing this motion.  Given the history of this litigation, particularly the

---

[5](...continued)
information so that it does not have to be filed under seal.

protracted disputes over the sufficiency of privilege logs and document production, the effort the defendants made was not sufficient to comply with Rule 37(a)(1).

Plaintiff's second argument is that in the defendants failed to identify the specific discovery requests they contend are deficient. Instead, the defendants purported to reserve the right to expand their motion "at a later date" to include specific responses they claim are deficient with regard to the plaintiff's responses to the first set of interrogatories and document requests.[6] Plaintiff argued that these arguments should be rejected because it would be: (1) unfair to require guessing as to what responses the defendants maintain are still deficient after the counsel's October 27 letter; and (2) unfair to allow the defendants to file a motion to compel discovery but defer explaining the basis for it to a later date.

Plaintiff's argument is persuasive. Defendants stated in their motion that Interrogatory Numbers 1, 2, 3, 4 and 11, and Requests for Production Number 2, 5, 6, 7 and 8 of the first set of Interrogatories and Request for Production of Documents were deficient, and the plaintiff should be ordered to fully respond to them. Yet, in their memorandum, instead of explaining the deficiencies the defendants purported to reserve their right to explain later. It is the defendants' motion; neither the plaintiff

---

[6] Record document number 75-2, Memorandum in Support, p. 4.

nor the court should have to speculate as to what the defendants claim is still lacking in the plaintiff's responses.  If the defendant cannot clearly explain what is deficient about these discovery responses, there is no basis to grant their motion. Therefore, the motion is denied, insofar as the defendants seek an order compelling the plaintiff to provide supplemental answers and responses to Interrogatory Numbers 1, 2, 3, 4 and 11, and Requests for Production Number 2, 5, 6, 7 and 8.

Defendants also argued that the plaintiff improperly withheld communications between the SEC and FBI agents regarding witness Ryan Marsh, and failed to produce or identify on a privilege log emails between Marsh and the plaintiff's counsel.[7]  Plaintiff responded that: (1) in its answer to Interrogatory Number 2 of the Second Set of Interrogatories the defendants were informed that there are no documents/information related to communications with the FBI about Marsh;[8] and (2) the Marsh emails that the defendants contend were not produced were in fact produced in April 2014 when they were provided to the defendants with all non-privileged communications that occurred during the investigation between the SEC and third parties.[9]

---

[7] Record document number 75-10 and 75-11, Exhibits H and I.

[8] Record document number 75-10, Exhibit H; record document number 75-6, Exhibit D, Answer to Interrogatory Number 2, p. 6.

[9] Record document number 79-1, Declaration of David Williams (continued...)

Plaintiff's arguments are supported and persuasive. Plaintiff has nothing to produce on the subject of communications with the FBI about Marsh, and the declaration and exhibits supplied by the plaintiff show that it has already produced the Marsh emails. This aspect of the defendants' motion is denied.

Defendants' argued that the plaintiff waived any privileges because it did not timely provide a privilege log. Defendants emphasized that the plaintiff did not produce a log until it responded to the Second Set of Interrogatories and Third Set of Requests for Production, which was almost two years after suit was filed and one year after it received the defendants' initial discovery requests. Plaintiff argued that it has properly asserted and documented its privilege claims in the log dated October 27, 2014.

Review of the parties' arguments, the plaintiff's privilege logs and the supporting declarations and documents provided by the plaintiff, demonstrate that the defendants' arguments related to the adequacy of the privilege log and waiver are unsupported. Plaintiff explained that the timing of the log was the result of a voluminous record that was produced in a rolling fashion over a

---

[9](...continued)
in Opposition to Motion to Compel (hereafter, "Williams Declaration"), ¶¶ 13 and 14; record document numbers 79-2 through 79-10, Exhibits A through I.

period of months.[10]  Defendants did not complain in their counsel's October 20, 2014 letter that the September 2, 2014 privilege log was provided too late.[11]  Nor did the defendants provide any basis in this motion to show that the timing of plaintiff's initial privilege log was unreasonable or caused them prejudice.  For these reasons, the court rejects the defendants' argument that the plaintiff's privilege claims of are waived because they were not timely asserted.

Defendants made a general assertion that there is a "total lack of information" in the privilege log that makes it virtually impossible to determine whether attorney notes of interviews and meetings should be privileged.  Defendants also raised several specific arguments that the plaintiff's privilege log and assertions of privilege are deficient.  Defendants argued that the first entry on the log dated 7/2/2007 cannot be in anticipation of litigation, because this was before Crestline invested in any Commonwealth advised funds and before the SEC began its investigation.  With regard to entry numbers 361, 362, 363 and 364, the defendants maintained that without a listing of each document encompassed by these entries, the assertion of attorney work product protection and other privileges for these documents cannot be sustained. Defendants also noted that one attorney's name

---

[10] Williams Declaration, ¶¶ 2-9.

[11] Record document number 75-8, Exhibit F.

included on the list for entry number 362 is Michael Unger, who was an attorney for the defendants during the investigation. Therefore, any emails involving Unger could not be covered by a privilege claim. Defendants asserted that attorney notes of witness interviews are not necessarily work product, given the SEC's statement that it does not have targets of its investigation. Defendants also complained that it is impossible to determine the substance of the interviews and meetings from the descriptions in the log. According to the defendants, some of the main witnesses against them who have been deposed do not remember relevant facts, and they may be entitled to notes made contemporaneously during the investigation.

Defendants' arguments are confusing, conclusory and unsupported. For example, the defendants asserted that some of the key witnesses regularly responded in their depositions that they did not remember relevant information. Yet, despite the fact that the logs provides the names of the individuals interviewed, the defendants failed to name any witnesses or cite any testimony to support their assertion.[12] Nor did the defendants explain how this supports their claim that the privilege logs and/or assertion of privilege is deficient. It is also not apparent, and the defendants failed to explain, why attorney interview notes cannot be work product just because the SEC does not have targets of its

---

[12] Williams Declaration, ¶ 10.

investigations.  Defendants complained that the plaintiff's privilege logs did not describe the "substance of the interviews and meetings."[13]  Plaintiff is not required to reveal the **substance**, i.e. what was said in the interviews and meetings, in the log to satisfy Rule 26(b)(5)(A), Fed.R.Civ.P.; plaintiff is only required to provide enough information so that the claim of privilege or protection can be assessed.[14]

Insofar as entry number 362 included the name of Michael Unger, Williams clarified in his declaration that the name was listed in error, and that no responsive emails involving Ungar have been withheld.[15]  Williams confirmed, based on his review of the plaintiff's document production, that more than 1,000 documents involving Unger were produced to the defendants.[16]  As to the defendants argument that the first entry on the log dated 7/2/2007 cannot be in anticipation of litigation, the declarations of Williams, Carol Schultze and Paul Gunson and Gary Zinkgraf clarify

---

[13] Record document number 75-2, p. 11.

[14] Defendants voluntarily waived their attorney-client privilege by asserting an advice-of-counsel defense, which created a situation in which knowing the **subjects** of interviews and meetings is necessary to assess whether the asserted privilege is waived. Defendants' broad, subject matter privilege waiver made it necessary for them to describe in more detail the **subjects** - but not the **substance**, i.e. the actual content - of meetings and interviews in order to assess whether the privilege waiver applies.

[15] Williams Declaration, ¶ 15.

[16] *Id.*

9


that the dates for items one through four on the privilege log were in error, and the creation of the documents occurred well after the commencement of the investigation.[17]

Finally, Williams also addressed the plaintiff's claim that entry numbers 361 through 364 amount to a blanket assertion of work product, law enforcement and deliberative process protection that cannot be sustained. Williams attested to the fact that his review of the materials demonstrated they were all gathered in reasonable anticipation of litigation with the defendants; created to assist the investigative staff in gathering facts and evidence to enable the SEC to determine whether to pursue litigation, and to facilitate the ultimate prosecution of any litigation. Williams also stated that, based on his experience, creating the individual entries listed on the log it could take up to several months to create individual entries for all the documents included within entry numbers 361, 362, 363 and 364 on the privilege log.[18] Thus, based on a review of the privilege log in conjunction with Williams' declaration, the defendant's argument that the plaintiff is simply relying on an inadequate privilege log and blanket assertions of privilege are unpersuasive.

---

[17] Williams Declaration, ¶ 17; record document number 79-12, Schultze Declaration, Defendant Exhibit K; record document number 79-13, Gunson Declaration, Defendant Exhibit L; record document number 79-14, Zinkgraf Declaration, Defendant Exhibit M.

[18] Williams Declaration, ¶¶ 9, 18, 21, 23-27.

In summary, review of the SEC's privilege log and exhibits, including the supporting declarations of Williams, Schultze, Gunson, Zinkgraf, and Brent J. Fields, demonstrate that the general and specific arguments raised by the defendants are without merit. Defendants have not presented a sufficient basis for the court to find that the privileges asserted by the plaintiff should be deemed waived and that all listed documents must be produced.

Accordingly, the Motion to Compel filed by defendants Commonwealth Advisors, Inc. and Walter Morales is denied.

Baton Rouge, Louisiana, September 29, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE