UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION | CIVIL ACTION NO. 12-700 JWD-SCR |
| VERSUS | |
| COMMONWEALTH ADVISORS, INC., ET AL | |

### RULING AND ORDER ON COMMONWEALTH ADVISOR INC.'S AND WALTER A. MORALES' OBJECTION TO THE EXPERT REPORT OF EDWARD WITHAM AND RENEWED MOTION TO STRIKE

Before the Court is Commonwealth Advisor Inc.'s and Walter A. Morales' Objection to the Expert Report of Edward Witham and Renewed Motion to Strike. (Docs. 267 and 267-1.) The motion is opposed. (Doc. 271.) A reply brief is not required. For the reasons which follow, the motion is granted in part and denied in part.

### BACKGROUND

On November 9, 2016, the Court heard argument on multiple motions (Doc. 267-3) including Defendants' Motion to Strike As Untimely the Expert Report and Testimony of Edwin Witham. (Doc. 212.) Plaintiff, the United States Securities and Exchange Commission ("Plaintiff" or "SEC") discovered during the deposition of its expert Jeffrey McClure (after the deadline for exchanging expert reports had passed) that McClure had misrepresented his qualifications in his curriculum vitae. The SEC understandably decided thereafter to remove McClure as its and, in his place, retained the services of a new expert, Edwin Witham. On July 22, 2016, the SEC provided to Defendants Witham's expert report. Witham was also designated as a rebuttal expert to rebut the testimony of Defendants' expert Ronald Filler.

1

Witham's July 2016 report was provided past the SEC's deadline for providing expert reports but was within the deadline for rebuttal expert reports. Defendants argued that Witham should not be allowed to testify in the main part of the SEC's case because, among other reasons offered, his report was untimely. In reaching its decision, the Court was struck by the failure of the SEC to adequately vet the qualifications of Mr. McClure before hiring him but, nonetheless, found that Mr. McClure's failure to honestly list his qualifications on his curriculum vitae was not the SEC's fault and therefore denied Defendants' motion to strike his testimony altogether. However, the Court felt that because the Defendants had prepared their defense based on their understanding that McClure would be the SEC's expert, the Court allowed Witham to substitute for McClure as its main expert but with a limitation designed to minimize the prejudice to Defendants:

"Mr. Witham's testimony will be founded on *documents and evidence* no greater than that that was given to Mr. [McClure]. He's not going to be able to go outside what *documents and foundational information* that Mr. McClure had. He can certainly reach his own opinions and conclusions. He doesn't have to get on the stand and say the words that Mr. McClure would have said or anything like that, but in terms of *subject areas and in terms of the factual foundation* for his expert testimony, he's going to be limited to what Mr. McClure had available to him." (Doc. 267-3 at 111, emphasis added.)[1] In accordance with the Court's order, Witham provided a new report on December 1, 2016. (Doc. 267-2.)

## ARGUMENTS OF THE PARTIES

In their current motion, Defendants seek to prevent Witham's use or reference of standards of the Chartered Financial Analyst Code and Standards ("CFA") on the grounds that

---

[1] The SEC correctly interpreted the Court's ruling to limit what Witham could use to those items mentioned in McClure's report and not all discovery that McClure had available to him. (Doc. 271 at 2, n. 1.)

2

CFA standards were not mentioned in McClure's report. (Doc. 267-1 at 3.) They also ask that Witham be prevented from referring to other items not used or mentioned by McClure including an internal cash flow study done by Steve Bischoff (Doc. 267-1 at 3), and Dr. Youngblood's valuations of Collybus securities not used by McClure and withdrawn by the SEC as evidence. (Doc. 267-1 at 5—6.) Finally, Defendants seek to strike Witham's July 2016 report as a rebuttal expert report for reasons given in its earlier motion. (Doc. 267-1 at 6 (citing Doc. 212-9 at 11—18).)

In its opposition, the SEC argues that "Witham's expert familiarity with industry standards, as embodied in the CFA Code and Standards, does not render his expert report a violation of the Court's order." (Doc. 271 at 4.) As to Witham's reference in deposition to the internal cash flow study done by Steve Bischoff and Dr. Youngblood's valuations of Collybus securities, the SEC suggests it is not its intention to have Witham opine on these subjects and his reference to the subjects in his deposition was in response to questions put to him by Defendants' counsel. (Doc. 271 at 7—8.)

As to Witham's July 2016 rebuttal expert report, the SEC argues it "was timely filed and fell within the 'same subject matter' permitted under Fed. R. Civ. P. 26(a)(2)(D)(ii)…" (Doc. 271 at 9.) "The SEC timely disclosed Witham's rebuttal expert report [and] [t]here is no basis to limit or sanction the SEC's rebuttal case when the SEC's rebuttal report is neither improper nor untimely." *Id.*

## ANALYSIS

With respect to the CFA standards, the SEC argues that "directing an expert witness to set aside the industry standard of care with which he is familiar and which he applied and to instead use those adopted by another expert witness" would be unfair. Ordinarily, the Court

3

would agree. However, the Court fashioned its order so as to allow the SEC's expert to testify, despite the untimeliness of his expert report, while at the same time minimizing the prejudice to Defendants who had deposed and were prepared to defend against Witham's predecessor, abandoned by the SEC through no fault of the Defendants. The CFA standards were not mentioned in McClure's report and not relied upon by him. Therefore, Witham will not be a permitted to rely upon them either. While the SEC argues that other witnesses will refer to the CFA standards and that they are generally well accepted,[2] this witness will not be allowed to testify about them. Reference to Steve Bischoff's internal cash flow study and Dr. Youngblood's valuations will also not be allowed, but appear to be moot issues since the SEC does not intend for Witham to use them.

As to Witham's expert rebuttal report of July 2016, same was filed timely and will not be stricken. Whether or not specific opinions do, or do not, fall within the "same subject matter" of the opinions given by Defendants' expert Ronald Filler, so as to properly be considered rebuttal evidence, will be considered in a timely filed *Daubert* motion, should Defendants choose to file one. The motion to strike the rebuttal report in its entirety is denied.

Signed in Baton Rouge, Louisiana, on January 11, 2017.

JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[2] Defendants maintain the CFA standards are "wholly irrelevant" (Doc. 267-1 at 3) and intend to file a *Daubert* motion to exclude reference to them by any witness. (*Id.*, at n. 2.) The Court need not decide this issue now.