UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

U.S. SECURITIES AND EXCHANGE COMMISSION

CIVIL ACTION NO. 12-700 JWD-EWD

VERSUS

COMMONWEALTH ADVISORS, INC., ET AL

### RULING ON DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF EDWIN D. WITHAM

Before the Court is Defendants' Motion to Exclude Expert Testimony of Edwin D. Witham (Doc. 299).[1] The motion is opposed. (Doc. 300.) While the briefing schedule allows for a reply brief, the Court has carefully reviewed the motion and supporting memorandum, the opposing memorandum as well as the Court's prior rulings on the issues raised herein[2] and does not feel that a reply memorandum would benefit the Court. For the reasons which follow, the Court now rules, and the motion is DENIED.

Defendants challenge Witham's testimony on three grounds: first, that it contains inadmissible legal conclusions, (Doc. 299-1 at 4-5); second, that "Defendants are not bound to the CFA standards and therefore, Witham's testimony is neither relevant nor reliable," (*Id.*, 5-11); and third, because of his CFA opinions, "the Court cannot allow the SEC to use an expert witness to mislead the jury and change the law after the fact." (*Id.*, at 11-12.) The Court will

---

[1] The Defendants are under the mistaken belief that the Court has not ruled on their motion to strike Witham's new reports. (Doc. 299-1 at 2.) The Court ruled on this motion in a Ruling and Order issued on January 11, 2017, granting in part and denying in part the relief sought in that motion. (Doc. 274.) Thus, to the extent the present motion seeks to strike Witham's new reports, it is DENIED as moot.

[2] This is not the first time Defendants have made a *Daubert* challenge to Mr. Whitham's testimony (*See, e.g.* Docs. 212, 217, and 267), nor is the first time the Court has ruled on these issues. (Docs. 261, 264, 267-3, 274.)

1

consider these in sequence but the Court notes preliminarily that Plaintiff is correct in arguing that most of the issues raised in this new motion have previously been raised and ruled upon.

With respect to Defendants' first argument regarding legal conclusions, Defendants fail to mention in their motion or memorandum the Court's prior ruling on this issue which was made orally at the conclusion of a hearing on this very issue.

> THE COURT: All right. The title of this ruling is ["]what's sauce for the goose is sauce for the gander.["] And the ruling is identical to that which I rendered with respect to Mr. Filler [Defendants' expert]. Mr. Witham is not going to be permitted to testify about legal conclusions. Although, as I mentioned in the case law that I cited and quoted says this, and the advisory rules - - the note to 704 rules of evidence specifically says that sometimes that line between what a legal conclusion is and what isn't depends upon how the question is phrased, so it's impossible in advance to say you can only ask these questions and you can't ask these questions. It's just going to have to be done on a question by question basis, but, clearly, there are circumstances under which the ultimate conclusion can be testified to by an expert but not legal conclusions and where that line is, we'll just have to wait for the trial." (Doc. 267-3 at 122-123.)

Accordingly, the Court (again) denies this portion of Defendants' motion and defers until trial the issue of whether any given question to either expert calls for a legal conclusion and thus should not be allowed.

The second issue raised by Defendants deals with Witham's reliance on standards of the CFA. Defendants argue that Witham's opinion that the standards "represent the standard of conduct for the entire industry… is completely false." (Doc. 299-1 at 5, 7-8.) "Although Morales is a CFA, other employees and Commonwealth itself were not." (*Id*. at 5) The CFA represents a higher standard of conduct than that imposed by federal securities laws (*Id*. at 6-7), and Witham was unable to opine as to the number of hedge fund managers who are CFA chartered and could not say whether the standards were adopted by state or federal statute or formally adopted by any registered investment advisor. (*Id*. at 8-9.) Defendants point out that Witham admits the standards are not "synonymous with fiduciary duties" but, rather, are "best practices". (*Id*. at 9-

10.) Defendants conclude by arguing that Witham's opinions are "neither relevant nor reliable" and to allow the testimony would "mislead the jury and change the law after the fact." (*Id*. at 11-12.)

Plaintiff responds that Defendants' challenge is based upon Witham's use of the CFA standards to support his opinions in his December 1, 2016 expert report. (Doc. 300 at 3-4.) Plaintiff points out that "[t]he Court has already limited Mr. Witham's testimony and held that he may not discuss the CFA standards during the SEC's case in chief" (*Id.* (citing Doc. 274 at 1, expressly granting Docs. 267 and 267-1).) "Consequently, there is no additional relief to award; the defendants have already received what they requested. The defendants' present motion should, therefore, be denied as moot."

It is true that Defendants' present motion seems to be limited to the opinions given in Witham's December 1, 2016 report, and it is true that the Court has already ruled that he will not be allowed to testify as to the opinions given in that report in the SEC's case in chief. (Doc. 274.) Therefore, to that extent, Plaintiff is correct, and this portion of Defendants' current motion is denied as moot.

However, the Court denied Defendants' earlier motion to strike Witham's opinions given in his July 22, 2016 rebuttal report since it had been timely filed. (Doc. 274.) While the current motion does not seem to address the issues raised in his July 22 report, the Court will nonetheless address the *Daubert* challenge as it would apply to this report. To the extent that his report and his most recent deposition reference or rely upon CFA standards, and to the extent that the Court's earlier ruling left this issued unresolved, the Court denies the present motion. While the CFA standards are not "the law" and are not legally binding even on its members, they

3

nonetheless are relevant. The issues raised by the Defendants go to the weight of the testimony and not the admissibility:

> "As a general rule, questions related to the bases and sources of an expert's opinions affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.3 Acres of Land More Or Less Situated in Lefore County, Ms.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)); *see also Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 392-93 (5th Cir. 2002 (holding that a party's objection that the expert's self-created database was unreliable did not affect admissibility); *Naquin v. Elevating Boats, LLC,* No. 10-4320, 2012 WL 1664257, at *4 (E.D. La. May 11, 2012); *St Joseph Abbey v. Castille*, No. 10-2717, 2011 WL 2182046, at *1 (E.D. La. June 3, 2011) ("'The reliability of data underlying an expert's opinion goes to the weight of this evidence, but should not serve as a basis for its exclusion." (quoting *Gen. Elec. Capital Bus. Asset Funding Corp. v. S.A.S.E. Military, Ltd.*, No. 03-189, 2004 WL 5495590, at *4 (W.D. Tex. Oct. 21, 2004)); *Imperial Trading Co. v. Travelers Property and Casualty Co. of America*, No. 06-4262, 2009 WL 2356292, *3 (E.D. La. July 28, 2009); *Southwire Co. v. J.P. Morgan Chase & Co.,* 258 F. Supp. 2d 908, 935 (W.D. Wis. 2007) (" the alleged errors and inconsistencies are grounds for impeaching the credibility of the experts and the reliability of their ultimate finding; however, mistakes and miscalculations are not grounds for excluding evidence." (citing *Daubert*, 509 U.S. at 596)).

*Nkansah v. Martinez*, No. 15-646, 2017 WL 2798520, at *4 (M.D. La. June 28, 2017).

Defendants can raise the points mentioned in their briefing both on cross examination and through their own expert. The Defendants can also seek a limiting instruction from the Court as to the role of expert testimony, the foundation for the expert's opinion, and that jurors "are not required to accept [the expert's] opinion" and can "decide whether to rely on it."[3]

---

[3] *See* Fifth Circuit Pattern Jury Charges (Civil), 3.5.

Accordingly, Defendants' Motion to Exclude Expert Testimony of Edwin D. Witham (Doc. 299) is DENIED.

Signed in Baton Rouge, Louisiana, on July 24, 2017.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**