**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**SECURITIES AND EXCHANGE COMMISSION,**

                Plaintiff,

        v.

**COMMONWEALTH ADVISORS, INC. and WALTER A. MORALES,**

                Defendants.

No. 12-00700-JWD-DEK

**FINAL JUDGMENT AS TO DEFENDANTS WALTER A. MORALES AND COMMONWEALTH ADVISORS, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendants Commonwealth Advisors, Inc. and Walter A. Morales ("Defendants") having entered a general appearance; consented to the Court's jurisdiction over each Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that each Defendant and each Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that each Defendant and each Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any clients or prospective clients.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that each Defendant and each Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Advisers Act Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8], by using the mails or any means or instrumentality of interstate commerce, while engaged in the business of advising a pooled investment vehicle for compensation as to the advisability of investing in, purchasing or selling securities:

    (a)    to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

    (b)    otherwise engage in any act, practice, or course of business that is fraudulent, deceptive or manipulative, with respect to any investor or prospective investor in the pooled investment vehicle.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Commonwealth and Defendant Commonwealth's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Advisers Act Rule 206(4)-2 [17 C.F.R. § 275.206(4)-2], by using the mails or any means or instrumentality of interstate commerce, while engaged in the business of advising a pooled investment vehicle for compensation as to the advisability of investing in, purchasing or selling securities, to have custody of client funds or securities without complying with the terms and conditions of Advisers Act Rule 206(4)-2 [17 C.F.R. § 275.206(4)-2].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Morales and Defendant Morales's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Advisers Act Rule 206(4)-2 [17 C.F.R. § 275.206(4)-2], by knowingly or recklessly providing substantial assistance to an investment adviser that, using the mails or any means or instrumentality of interstate commerce, while engaged in the business of advising a pooled investment vehicle for compensation as to the advisability of investing in, purchasing or selling securities, has custody of client funds or securities without complying with the terms and conditions of Advisers Act Rule 206(4)-2 [17 C.F.R. § 275.206(4)-2].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Commonwealth and Defendant Commonwealth's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Advisers Act Rule 204-2 [17 C.F.R. § 275.204-2], by failing to make, keep, maintain on its premises and provide to the Commission all required records, including but not limited to, memoranda of all trade orders for the purchase or sale of securities showing the terms and conditions of the order, the person who recommended the transaction to the client and who placed the order.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Commonwealth and Defendant Commonwealth's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Advisers Act Rule 206(4)-7 [17 C.F.R. § 275.206(4)-7], by using the mails or any means or instrumentality of interstate commerce, directly or indirectly failing to adopt and implement written policies and procedures reasonably designed to prevent violation of the Advisers Act and the rules thereunder.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Morales and Defendant Morales's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Advisers Act Rule 206(4)-7 [17 C.F.R. § 275.206(4)-7], by knowingly or recklessly providing substantial assistance to an investment adviser that directly or indirectly, by using the mails or any means or instrumentality of interstate commerce, fails to adopt and implement written policies and procedures reasonably designed to prevent violation of the Advisers Act or the rules thereunder.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Commonwealth and Defendant Commonwealth's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment

by personal service or otherwise are permanently restrained and enjoined from violating Section 207 of the Advisers Act [15 U.S.C. § 80b-7] by willfully making untrue statements of material fact in Forms ADV filed with the Commission, or willfully omitting to state in such Forms ADV material facts required to be stated therein.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Morales and Defendant Morales's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 207 of the Advisers Act [15 U.S.C. § 80b-7] by knowingly or recklessly providing substantial assistance to an investment adviser that willfully makes untrue statements of material fact in Forms ADV filed with the Commission, or willfully omits to state in such Forms ADV material facts required to be stated therein.

XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Morales is liable for a civil penalty in the amount of $130,000 pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9]. Defendant Morales shall satisfy this obligation by paying $130,000 to the Securities and Exchange Commission within 365 days after entry of this Final Judgment.

Defendant Morales may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Morales may also pay by certified check,

bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Commonwealth Advisors Inc. and Walter A. Morales as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

DefendantMorales shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Morales relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Morales.

Defendant Morales shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the

7

civil penalty, Defendant Morales shall not argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Morales's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant Morales shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant Morales by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that each Defendant shall comply with all of the undertakings and agreements set forth therein.

XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by each Defendant, and further, any debt for civil penalty or other amounts due by Defendant Morales under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Morales of the federal securities laws or any

regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XIV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court's January 5, 2016 order (Docket #179) (the "Order") shall have no continuing effect and shall have no preclusive, *res judicata*, or collateral estoppel effect with respect to any claim, litigation, dispute, or cause of action, and within 60 days following entry of this Final Judgment, the SEC shall return to the Defendants all of the documents that the Defendants produced to the SEC as a result of the Order.

XV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Signed in Baton Rouge, Louisiana, on February 14, 2018.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**